1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10  MARKIE DOUGLAS,
11          Plaintiff,                    Civ. No. S-09-0812 KJM P
12      vs.
13  C.C.W.F., et al.,
14          Defendants.            <u>ORDER</u>
15  _____/

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee of $5.41 in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

1         Plaintiff alleges that as the result of midurethral sling surgery, she must use a
2 catheter to urinate. She claims that Dr. Stone informed her she would have to use a catheter for
3 the rest of her life. Finally, she alleges that "no one told [her] that a simple bladder surgery
4 could go wrong." Compl. at 3. Although plaintiff names Dr. Stone as one of the defendants, she
5 does not clearly allege that he performed the surgery.

6         In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
7 inadequate medical care did not constitute cruel and unusual punishment cognizable under
8 section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
9 medical needs." A showing of merely inadvertent or even negligent medical care is not enough
10 to establish a constitutional violation. Id. at 105-06. Because of the conclusory nature of the
11 allegations, the court cannot determine whether Dr. Stone acted with deliberate indifference.

12         In addition, plaintiff has named Central California Womens' Facility (CCWF) and
13 the University of California, Davis (U.C. Davis) as two of the defendants. The Eleventh
14 Amendment serves as a jurisdictional bar to suits brought by private parties against a state or
15 state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S.
16 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682
17 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented
18 to suit. Moreover, the University of California is considered "a state instrumentality for
19 Eleventh Amendment purposes." Thompson v. City of Los Angeles, 885 F.2d 1439, 1442 (9th
20 Cir. 1989). Accordingly, plaintiff's claim for damages against CCWF and U.C. Davis are
21 frivolous and must be dismissed.

22         Plaintiff will be given the opportunity to amend her complaint, if she is able to do
23 so while complying with Federal Rule of Civil Procedure 11.

24         Although the Federal Rules adopt a flexible pleading policy, a complaint must
25 give fair notice of the conditions complained of have resulted in a deprivation of plaintiff's
26 constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint

1  must allege in specific terms how each named defendant is involved.  There can be no liability

2  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

3  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

4  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

5  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

6  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

9  amended complaint be complete in itself without reference to any prior pleading.  This is

10  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15         In accordance with the above, IT IS HEREBY ORDERED that:

16         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

18  Plaintiff is assessed an initial partial filing fee of $5.41.  All fees shall be collected and paid in

19  accordance with this court's order to the Director of the California Department of Corrections

20  and Rehabilitation filed concurrently herewith.

21         3.  Plaintiff's complaint is dismissed.

22         4.  Plaintiff is granted thirty days from the date of service of this order to file an

23  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

24  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

25  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

26  /////

1  an original and two copies of the amended complaint; failure to file an amended complaint in
2  accordance with this order will result in a recommendation that this action be dismissed.
3       5. The Clerk of the Court is directed to send plaintiff the form for a civil rights
4  action by a prisoner.
5  DATED: September 14, 2009.

                                       U.S. MAGISTRATE JUDGE

2
doug0812.14